IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE;                                              CASE NO 05-92220
FRED WAYNE SNITH AND
BARBARA ANN SMITH                          ADVERSARY CASE

_____

BARBARA ANN SMITH
      PLAINTIFF

V.

TEXAS GUARANTEED STUDENT LOAN CORPORATION (TG) and
WELLS FARGO EDUCATIONAL FINANCIAL SERVICE
      DEFENDANTS

COMPLAINT TO DECLARE STUDENT LOANS DISCHARGED
PURSUANT TO 11 USC sec. 523(a)(8)

1. This Court has jurisdiction of this proceeding pursuant to 28 USC Sec 1334, and 11 USC Sec. 523 (a)(8)  This is a core proceeding.

2. Debtors herein filed this Chapter 7 case on October 14, 2005.

3. At that time debts for student loans to Wells Fargo Financial Services, P.O. Box 5185, Sioux Falls, SD 57117-5185 were scheduled in the amounts of $5,337.20 and $17,677.02, as unsecured non-priority claims.

4. These loans had been guaranteed by Mrs. Smith for her daughter to attend school.

5. At the time of filing, the loans had become due and Mr. Smith was totally disabled and Mrs. Smith made about $20,000.00 per year gross. They lived then and still do live on land Mr. Smith inherited in a trailer house.

6. Debtors state that they asked their counsel several times whether they could discharge these loans on hardship. Unfortunately, their counsel never filed the necessary pleadings to get a determination from the Court.

7. The case proceeded as a no asset case and a discharge order was signed on March 7, 2006. Defendant TG has now instituted collection procedures. With all of the interest and charges, the amount claimed is now over $41,000.00 and 209 payments of $197.00 each are proposed.

9. Unfortunately the daughter has only a very low paying clerk's job and has not been able to realize whatever educational benefits she received.
The Debtors, who now have their daughter and her child living with them have had very little increase in income, and are simply not able to take care of the family if they have to make the payments. The daughter has the very low paying clerk's job and is able to contribute very little to the household.

9. Plaintiff, therefore, submits that excepting these loans from discharge would impose an undue hardship on the debtor and the debtor's dependents within the meaning of 11 USC Sec 523(a)(8).

    WHEREFORE Plaintiff prays that the Court enter an Order declaring the student loan debt of the Debtor to have been discharged in this

bankruptcy case and for such other and further relief as the Court deems appropriate.

                          Respectfully submitted,

                          S/Roger H. Broach

                          Roger H. Broach
                          P.O. Box 56143
                          Houston, Texas 77256
                          TSB 03031000
                          281-435-7699