

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
06/07/2010

| | | |
|---|---|---|
| IN RE: | § | |
| FRED WAYNE SMITH, *et al* | § | CASE NO: 05-92220 |
|    Debtor(s) | § | |
| | § | CHAPTER 7 |
| | § | |
| BARBARA ANN SMITH | § | |
|    Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 09-3516 |
| | § | |
| WELLS FARGO EDUCATIONAL | § | |
| FINANCIAL SERVICES, A DIVISION OF | § | |
| WELLS FARGO BANK, NA, *et al* | § | |
|    Defendant(s) | § | |

## ORDER
## DENYING MOTION TO DISMISS WITHOUT PREJUDICE AND
## AUTHORIZING DEFENDANT TO FILE A MOTION FOR SUMMARY JUDGMENT
## (DOC # 13)

     This adversary proceeding puts at issue whether a bankruptcy debtor may seek a determination that a student loan is dischargeable if the complaint seeking that relief is not filed until after (i) the debtors' discharge has been entered, (ii) the case has been closed, and (iii) the debtor has executed a consolidation loan that includes the pre-petition student loan. For reasons set forth in more detail below, the Court concludes that a debtor may have lost the opportunity to obtain a discharge of a student loan if the request for that relief is not brought until after the pre-petition loan has been paid. But the Court is unable in the circumstances at bar to determine whether the pre-bankruptcy loan was truly paid off or whether the consolidation loan was merely a disguised reaffirmation of pre-bankruptcy debt that does not satisfy Bankruptcy Code § 524(c). Defendant may file a motion for summary judgment that clarifies the consolidation transaction.

## FACTS

     The facts critical to this decision are simple, and are mostly undisputed.

     On October 14, 2005, Barbara Smith ("Debtor" or "Plaintiff") filed a voluntary petition commencing her bankruptcy case under chapter 7 of the Bankruptcy Code. Debtor listed a student loan in her bankruptcy schedules, but Debtor did not promptly seek a determination that the loan was dischargeable.[1] A discharge was entered on March 7, 2006, and the bankruptcy case was closed on March 31, 2006.

---

[1] This adversary proceeding was not filed until almost 4 years after the bankruptcy case was closed. In the complaint, Debtor alleges that she asked her attorney in the 2005 case "several times whether [she] could discharge

On April 27, 2006, Debtor signed a new student loan note, consolidating the previous student loan debts into a single note.[2] The payee of the new loan appears to be the same entity as the holder of the pre-petition loan and the amount of the new loan appears to be about the same.[3]

On December 30, 2009, Debtor filed a complaint commencing this adversary proceeding. The complaint alleges that Debtor was merely a guarantor of her daughter's student loan and that Debtor's obligation is dischargeable because repayment would cause both Debtor and her daughter undue hardship. The complaint was filed against Wells Fargo Educational Financial Services ("Wells Fargo"), but Educational Credit Management Corporation has substituted as the Defendant on the allegation that the consolidated note has been "recently" transferred to Educational Credit Management.

Defendant filed a motion to dismiss the complaint, alleging that the complaint fails to state a claim on which relief can be granted. Defendant contends that the consolidated note is a post-bankruptcy obligation, that the student loan that existed at the time that Debtor filed her bankruptcy case has been paid, and that the post-bankruptcy note is not affected by the bankruptcy discharge issued in the 2005 bankruptcy case.

## SCOPE OF THE DISPUTE

Plaintiff and Defendant agree that Debtor's 2005 bankruptcy schedules listed a student loan of about $17,677.02 and that the schedules reported that the debt was held by Wells Fargo Educational Financial Services in Sioux Falls, SD. The Court can take judicial notice of the date that the 2005 bankruptcy case commenced, the date that the discharge was entered, and the date that the case was closed.

The attachments to Defendant's motion to dismiss show that the consolidation loan was made by Wells Fargo Bank, NA, Sioux Falls, SD. It is not clear from the attachments to the motion to dismiss (i) whether the consolidated note was merely a repackaging of the old student loan or whether it was indeed in whole or in part a new loan, or (ii) when the consolidated note was assigned from Wells Fargo to Defendant. It is not clear whether any money was paid to anyone as a result of the execution of the consolidation note.

## LAW

---

these loans on hardship. Unfortunately, … counsel never filed the necessary pleadings to get a determination from the Court."

[2] Exhibit 3 to the motion to dismiss indicates that three loans (about $18,000), made prior to the bankruptcy petition date were consolidated with a loan (totaling approximately $19,000) made July 7, 2006. Although the motion to dismiss and the exhibit indicate that funds were disbursed on July 7, it does not indicate that Debtor borrowed any new money.

[3] In her complaint commencing this adversary proceeding, Debtor alleges that she did not personally borrow the funds advanced as the original student loan, but merely guaranteed her daughter's debt. Defendant's response to that allegation is not entirely clear. Defendant seems to concede that Debtor was a guarantor of the original loan but signed the consolidation loan to pay off her daughter's obligation. That distinction may be significant to the determination of whether the consolidation loan is dischargeable. Defendant may want to clarify the facts if it files a motion for summary judgment.

Plaintiff and Defendant agree that a student loan is not discharged in a chapter 7 bankruptcy case unless the Court determines that repayment of the debt would constitute an undue hardship.[4]

> Until a judicial determination is made of "undue hardship," educational debts are presumptively nondischargeable, meaning that it is incumbent on a debtor to bring an action to have a student loan adjudicated dischargeable, otherwise, the debt will not be subject to a court's order of discharge. *Tenn. Student Assistance Corp. v. Hood,* 541 U.S. 440, 450, 124 S.Ct. 1905, 158 L.Ed.2d 764 (2004) (§ 523(a)(8) is "self-executing" so that "[u]nless the debtor affirmatively secures a hardship determination, the discharge order will not include a student loan debt.")…

*Barrett v. Great Lakes*, 417 B.R. 471, 475 (Bankr. N.D. Ohio 2009).

The parties also agree that there is no deadline for a debtor to ask the court to determine that payment of a student debt would be an undue hardship and therefore discharge the debt. The request can clearly be made at any time, even after discharge.

> [N]either the Bankruptcy Code nor Rules provide a time limit for filing an action to have a student loan determined dischargeable on the basis of "undue hardship." *In re Daniels, 34 BR 782, 784 (9th Cir. BAP 1983).* In fact, student loans fall within the category of debts for which the Bankruptcy Rules provide that a dischargeability determination "may be filed at any time." FED. R. BANKR. P. 4007(b). Consequently, the entry of an order of discharge does not prejudice a debtor's right to seek a later determination regarding the dischargeability of a student loan.

*Id. 475-76*.

*Barrett* concludes that a note executed post-bankruptcy is enforceable (*i.e.* is not affected by the prior discharge) if the consideration for that note is a debt that was not discharged at the time that the second note was executed. To reach that result, *Barrett* looks to the language of a federal statute[5] relating to limitations on federally insured student loans and *Barrett* applies the general legal principle of novation. The result in *Barrett* may well have been correct, but the logic is not absolutely compelling.

First, *Barrett* finds statutory support in 20 USC § 1078-3, which bears the title "Federal Consolidation Loans". Section 1078-3(a) merely authorizes the Secretary to enter into contracts to guarantee consolidation loans. The rest of the section specifies the requirements and limits of federally insured consolidation loans. Reading the statute in context, it seems clear that the

---

[4] Bankruptcy Code § 523(a)(8),.
[5] 20 USC § 1078-3(b)(1)(D).

purpose is to define the loan as a new loan for purposes of the federal guarantee. There is no indication that the statute is intended to have any affect whatsoever regarding classification of the loan for bankruptcy purposes.

*Barrett*'s reliance on novation is even more problematic. *Barrett* does not discuss § 524(c), which severely limits novation of dischargable debts. The statute proscribes novation of dischargeable debts only if the requirements of the statute are satisfied. Section 524(c) provides:

> An agreement between a holder of a claim and the debtor, the consideration for which in whole or in part, is based on a debt that is <u>dischargeable</u> in a case under this title is enforceable … **only if --**

(*emphasis provided*).

The *Barrett* reliance on novation as a basis for enforceability of the new note would mean that § 524(c) does not apply to any debt if novation occurs prior to the issuance of the discharge. But § 524(c) is not limited to debts that were actually "discharged" prior to the execution of the new note. By its plain language, § 524(c) provides that if the debt is <u>dischargeable,</u> then the § 524(c) requirements must be met. Otherwise, the novated debt is not enforceable. If novation trumped § 524(c) when the new note was signed before discharge, then § 524(c) and its requirements could be easily circumvented simply by signing the new note before the date that the discharge order is issued.

The Bankruptcy Appellate Panel for the Ninth Circuit in *In re McBurney,* 357 B.R. 536 (9th Cir. BAP 2006) concluded that if a new creditor (through the vehicle of a consolidation loan) actually <u>paid off</u> a pre-petition student loan prior to a determination that the student loan was dischargeable, then the consolidation loan is a "new loan" and is unaffected by the discharge. The BAP reasoned that because the original student loan had been paid post-petition, there could no longer be a determination that its repayment would constitute an undue hardship. It had already been paid. The BAP emphasized that the lender that was seeking to enforce the consolidated loan had actually advanced funds to other lenders and had paid their claims. *McBurney* at 539.

*McBurney* seems imminently correct. There can be no "undue hardship" determination with respect to payment of a debt that has already been paid. Therefore, a complaint that requires a determination of undue hardship simply comes too late. The Bankruptcy Code expressly permits a debtor to pay any pre-petition debt, whether dischargeable or not dischargeable, discharged or not discharged.[6] Once the debt is paid (whether it is from post-petition assets or from a post-petition loan) the dischargeable debt has been paid. The public policy enacted as § 524(c) only applies to post-bankruptcy obligations if the consideration for that debt is a dischargeable obligation.

---

[6] Bankruptcy Code § 524(f).

But if no new money is advanced and the consolidation loan is merely an end-run around the requirements applicable to reaffirmation agreements, then § 524(c) would apply and the consolidation loan would not be enforceable except to the extent that the pre-petition loan was enforceable.

## CONCLUSION

If the consolidation loan arose in the context of a new loan by a different lender in payment of the pre-petition student loan under the chronology set forth above, then the motion to dismiss has merit. If the consolidation loan is merely a poorly disguised reaffirmation, then it does not. The Court cannot tell from the motion to dismiss and the response. Therefore, it is ordered that:

1. The motion to dismiss, as currently filed, is denied without prejudice to Defendant asserting the same arguments in a motion for summary judgment, properly supported.
2. The motion for summary judgment must be filed by June 30, 2010.
3. If a motion for summary judgment is timely filed, the deadline for a response to the motion is July 23, 2010.

SIGNED 06/04/2010.

_____
Wesley W. Steen
United States Bankruptcy Judge