

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
09/16/2010

| | | |
|---|---|---|
| IN RE: § | | |
| FRED WAYNE SMITH, *et al* § | | CASE NO: 05-92220 |
| Debtor(s) § | | |
| § | | CHAPTER 7 |
| § | | |
| BARBARA ANN SMITH § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | | ADVERSARY NO. 09-3516 |
| § | | |
| WELLS FARGO EDUCATIONAL § | | |
| FINANCIAL SERVICES, A DIVISION OF § | | |
| WELLS FARGO BANK, NA, *et al* § | | |
| Defendant(s) § | | |

### MEMORANDUM AND ORDER
### DENYING MOTION FOR SUMMARY JUDGMENT
(DOC # 28)

Barbara Smith ("Debtor") borrowed money to send her daughter to school. Then she filed a voluntary chapter 7 bankruptcy petition in 2005 and received a discharge, but did not ask for a determination of whether the student loans were dischargeable. After the discharge was entered, Debtor signed a consolidation loan for the existing student loan debt. Debtor now seeks a determination that the student loan debt is dischargeable because repayment of the debt would be an undue hardship. Defendant filed a motion for summary judgment asserting that because the existing loan is a consolidation of prior loans, signed after entry of the discharge, the consolidation is not dischargeable. For reasons set forth below, the motion is denied. In short, the Court concludes that there are material issues of fact for trial.

### FACTS

Most of the facts and the law involved in this adversary proceeding are uncontested, but the ambiguities that do exist are sufficient to make summary judgment inappropriate.

Debtor obtained three loans for her daughter's education under the "Parent Loan for Undergraduate Student" ("PLUS") program. The loans were taken out from July 3, 2003, through August 30, 2005. By September, 2005, the three loans totaled about $18,500.

According to her affidavit, in September, 2005, Debtor contacted Wells Fargo (which held the note) and asked that the three loans be combined into a single "convenient" payment. Wells Fargo supplied documentation to consolidate the loans. Debtor's affidavit states that she signed and returned that documentation. The summary judgment evidence does not establish

that Wells Fargo received the documents, and Wells Fargo's summary judgment evidence totally ignores the September 5 documents. Debtor argues that the transaction was complete as a matter of law when Debtor signed the form and returned it to Wells Fargo as her affidavit states that she did. There is a material fact issue regarding what happened to the September 5 documents.

On October 14, 2005, Debtor filed a voluntary petition commencing this case under chapter 7 of the Bankruptcy Code. Bankruptcy Code § 523(a)(8) provides that the discharge does not extend to a student loan unless repayment of the debt would impose an undue hardship on the Debtor. The debt is presumed to be non-dischargeable unless the Debtor obtains a judicial determination that the debt is discharged. Debtor did not seek a determination that the student loan debt was dischargeable. Wells Fargo was the creditor of all of the student loan debt.

On December 8, 2005, Wells Fargo wrote to Debtor, stating that it had recently been informed about Debtor's bankruptcy petition, that all future advances on student loans were canceled and that future consideration for student loan benefits would require Debtor to sign a new Master Promissory Note. (The letter appears to be a pure form letter because neither party contends that there was any agreement for (or any request for) additional advances.)

Debtor received a chapter 7 discharge on March 7, 2006. Because the Debtor had not obtained a determination that the student loan debt was dischargeable, the bankruptcy discharge did not include the PLUS loans.

On April 27, 2006, Debtor signed documentation for a consolidation loan under the Federal Family Education Loan Program ("FFELP"). Wells Fargo contends that this was the only consolidation loan. Debtor contends that the September 5 document was the consolidation loan and the April 27 documentation was represented to her to be documentation of that "single payment" convenience that she had requested. Whether by the September 5 document or by the April 27 document, the three existing PLUS loans were consolidated into a single loan. Wells Fargo held the loan prior to the consolidation and Wells Fargo held the new consolidated loan after the consolidation. The same guarantor guaranteed the loan both before and after the consolidation. No new money was advanced. The sole consideration for the new note appears to have been the existing indebtedness of the three PLUS loans.

The loan principal of the new, consolidated loan is the principal of the three pre-bankruptcy loans.

## SUMMARY JUDGMENT STANDARD

There is no dispute about the summary judgment standard. Defendant is entitled to summary judgment if there is material dispute as to the facts and if Plaintiff is entitled to judgment as a matter of law.

The Court concludes that there is a material issue of fact for trial.

CONCLUSIONS OF LAW

1.   <u>No Jurisdiction Over the Subject Matter</u>

Defendant argues that the Court has no jurisdiction over the subject matter of this dispute because the loan is a post-petition loan. That confuses the law applicable to the determination on the merits of this dispute with the law applicable to subject matter jurisdiction.

The issue in this adversary proceeding is whether Bankruptcy Code §524(c) applies to the consolidated loan and, if so, whether it is too late, after execution of a consolidation loan, to determine "undue hardship" under § 523(a)(8). These are matters arising under title 11, the Bankruptcy Code. The district court has jurisdiction by virtue of 28 USC § 1334(b) and that jurisdiction has been allocated to the bankruptcy judges of the district under 28 USC § 157(a).

The Court has jurisdiction over the subject matter.

2.   <u>Defendant argues that the loan is a new loan</u>

Defendant argues that the consolidated loan is a new loan and therefore it is not dischargeable because it did not exist prior to the applicable date in this bankruptcy case. While that argument is clearly correct with respect to a debt that has no relationship to the bankruptcy case, it is simply not relevant to the § 524(c) analysis.

The consolidated loan is clearly an "agreement." The consideration for the agreement is a debt that was involved in the bankruptcy case. Section 524(c) provides that:

> An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable …whether or not discharge of such debt is waived … only … if

The "only if" exception in the statute does not apply because this agreement does not satisfy the requirements listed in § 524(d). For example, the agreement must be made prior to the granting of the discharge, debtor's counsel or the court must sign off on the agreement, and a number of disclosures must be made. If the "agreement" does not satisfy the "only if" requirements, the "agreement" is not enforceable.

Defendant's motion for summary judgment argues that section 524(c) does not apply to a debt that is presumptively not dischargeable. But that is not the language of the statute. The statute says that § 524(c) applies if the debt is "dischargeable" in the bankruptcy case, and it applies whether or not discharge is waived.

    3.    <u>Deadline for determining dischargeability of a student loan</u>

        a. In general

In general, if a student loan is not consolidated and continues to exist after the bankruptcy discharge, there is no deadline for seeking a determination that section 523(a)(8) applies and that the debt is discharged.[1]  For example, a debtor who initially lost a student loan dischargeability determination may reopen the bankruptcy case and may seek a new determination based on changed circumstances; issue preclusion (*res judicata*) does not apply.  *In re Sobh*, 61 B.R. 576, 779-580 (E.D. Mich. 1986).  The Seventh and Second Circuits have both suggested that debtors are permitted to reopen their cases to seek a discharge of their student loans based on a post-discharge change in circumstances."  *In re Walker*, 427 B.R. 471, 480 (8th Cir. BAP Minn., 2010), *citing In re Roberson*, 999 F.2d 1132, 1138 (7th Cir. 1993)(suggesting that a debtor reopen his case pursuant to Rule 4007 if his situation had not improved following a two-year deferment of his student loans); *In re Brunner*, 831 F.2d 395, 397 (2nd Cir. 1987) suggesting that, because the bankruptcy court's order denying the discharge had been without prejudice, the debtor might reopen the issue of dischargeability of her student loans pursuant to Rule 4007(a) and (b), based on circumstances existing five years after she had filed her case).

        b. "Is Dischargeable"

The cases cited by Defendant generally hold that when a post-bankruptcy consolidation loan pays off a prior student debt, then the prior debt no longer exists and therefore it cannot be discharged in bankruptcy.

There is logic and sound public policy in that analysis under the appropriate facts.  There needs to be some point at which determination of "undue hardship" is no longer possible or appropriate.  This might occur, for example, when the loan has changed substantially by new advances made subsequent to the bankruptcy or when the consolidation lender is a new entity that has indeed paid off the prior loan.  It might also apply if a debtor has so abused the loan consolidation process that he or she is estopped from seeking § 523(a)(8) relief.  There are no doubt other circumstances.

But it should equally be true that merely reciting the mantra of "new consolidation loan" to avoid the requirements and restrictions of § 524(c) and the relief available under § 523(a)(8) would be elevating form over substance.  There are disputed issues of fact apparent from the summary judgment pleadings that must be tried.  First, so far as the Court can tell from the summary judgment evidence, there is no material difference between the loan that existed pre-bankruptcy (and was arguably dischargeable if Debtor's circumstances deteriorated) and the consolidation loan.  Second, the December 8 Wells Fargo letter to Debtor suggests that Wells Fargo might have intended to use consolidation to avoid the restrictions of reaffirmation and the relief available under § 523(a)(8).

    4.    <u>What was the effective date of the loan consolidation</u>

---

[1] Defendant concedes this point.  Paragraph 24 of Defendant's motion for summary judgment.

Debtor argues that the loan consolidation was consummated in September, 2005, when Debtor signed and sent the form back to Wells Fargo.  While the Court has substantial doubt about that conclusion as a matter of law, the Court need not reach that issue now, because, while there is summary judgment evidence that the documentation was posted, there is no evidence of whether Wells Fargo received that documentation and if Wells Fargo received the documentation, what Wells Fargo did with the documentation.

## CONCLUSION

There appear to be material issues of fact for trial and therefore summary judgment is denied.

SIGNED 09/16/2010.

*Wesley W. Steen*
Wesley W. Steen
United States Bankruptcy Judge